## JOSEPH CARLTON vs. THE COMMONWEALTH.

Two or more distinct offences may be included in one indictment, in several counts, where the offences are of the same general nature, and where the mode of trial and the nature of the punishment are also the same.

When a defendant is found guilty, generally, on an indictment which charges him with several distinct offences, it is not necessary that separate sentences should be awarded. A single sentence is legal, if it do not exceed the sum of the several sentences which might be awarded.

When a defendant is found guilty, generally, on an indictment which charges him, in one count, with entering a dwellinghouse, in the night-time of a certain day, with intent to commit a larceny, and, in another count, with a larceny, on the same day, in the same dwellinghouse, and he is sentenced to a greater punishment than is warranted by law, either for such entry or for mere larceny in a dwellinghouse; the court cannot, on a writ of error, presume that one and the same offence only is charged in the indictment.

WRIT of error to reverse a judgment of the court of common pleas in the county of Middlesex, at the March term, 1838, sentencing the plaintiff in error to one day's solitary imprisonment, and confinement afterwards at hard labor, for the term of five years, in the state prison. The first count in the indictment, on which the prisoner was found guilty, alleged that he, at Cambridge, on the 24th of February 1838, "the dwellinghouse of Joel Reed there situate, in the night-time did enter without breaking, no person lawfully therein being then and there put in fear, with intent the goods and chattels of him the said Reed, then and there being found, feloniously to steal, take and carry away, in the dwellinghouse aforesaid." The second count alleged that the prisoner, on said 24th of February, at Cambridge "a certain camblet cloak, of the value of $8, of the goods and chattels of Joel Reed, and one surtout coat, of the value of $12, of the goods and chattels of Elias Phinney, then and there in the dwellinghouse of said Reed being found, feloniously did steal, take and carry away, in the dwellinghouse aforesaid." It was assigned for error, "that said judgment is excessive and illegal in the matter of the one day's solitary imprisonment."

*G. Bemis*, for the plaintiff in error. By Rev. Sts. c. 126, § 13, the offence charged in the first count is punishable "by imprisonment in the state prison, not more than five years," and

the addition of one day's solitary imprisonment renders the judgment erroneous, for the second count cannot be regarded as setting forth an offence distinct from that in the first count. *Stevens* v. *Commonwealth*, 4 Met. 360. *Commonwealth* v. *Hope*, 22 Pick. 1. But if this be not so, and if two distinct offences can be joined in one indictment, (which is not admitted,) yet the judgment is erroneous, it being a joint judgment for several offences. There should have been two several sentences. In *Rex* v. *Robinson*, 1 Mood. Cr. Cas. 413; Roscoe Crim. Ev. (2d Amer. ed.) 350; it was held that one judgment on a conviction of two separate offences of uttering counterfeit coin on the same day, was bad, and that there should have been consecutive judgments.

*Austin*, (Attorney General,) for the Commonwealth. As this record stands, two separate offences are charged ; and the court cannot ascertain *aliunde* that one only was intended to be charged. It has long been the practice, in this Commonwealth, to unite several distinct offences, of a similar nature, in one indictment ; and a single judgment on the several offences violates no principle of law, and subjects the convict to no hardship or inconvenience. The case cited from Mood. Cr. Cas. turned upon the terms of the statute on which the indictment was framed, and is not applicable to the case at bar.

SHAW, C. J. It is insisted for the plaintiff in error, that for the burglary set forth in the indictment, he was not liable to a term of imprisonment exceeding, in the whole, five years. But there is a second count in the indictment, charging him with a simple larceny in stealing a cloak, and also a coat of Mr. Phinney. For this, if punishable as a separate offence the convict was liable to imprisonment not exceeding one year.

But it is contended that this second count cannot aid in sustaining this judgment, because, 1st. it is to be presumed that the breaking of the dwellinghouse and the stealing of the cloak and coat were all one offence, and could not be separately indicted and punished ; 2d. because, if they were distinct substantive offences, they ought not to be included in the same indictment ; and 3d, because, if they could be so included, there should have been separate sentences. 45 *

1. In the consideration of the question, whether a judgment is erroneous, we can only look at the record ; and by the record there are two distinct offences well charged, and found by the verdict, each punishable by imprisonment in the state prison. We cannot presume that they were one and the same offence, nor, though alleged to be on the same day, that they were done at the same time. We cannot say, judicially, that they are the same, though we might, if allowed to conjecture, incline to the belief that they were. But, if it is said that this is a technical ground and does not meet the justice of the case, it is answered, that the error assigned is of the small excess of one day to an imprisonment of five years warranted by law, and constitutes a very slight objection to the judgment, little affecting its merits.

2. We think it is common in practice, in this Commonwealth, and especially in the county of Suffolk, to include several distinct substantive offences in the same indictment, where they are of the same general nature, and where the mode of trial and the nature of the punishment are the same. And we see no objection to this course ; because it is always competent for the court to order — where there are several counts which might tend to perplex the defendant in his defence — that the prosecutor shall elect on which of the counts he will bring the defendant to trial, so as to exempt him from the vexation of meeting multifarious charges at one and the same time.

3. And we are of opinion, that it is not necessary, in such cases, to award separate sentences, where they are so far alike that the whole of the judgment is but the sum of the several sentences to which the convict is liable : As where the punishment is by fine, or by terms of imprisonment in the county jail, house of correction, or state prison.

On the whole, we are of opinion, that the one day, in addition to the term of five years' confinement at hard labor, was well warranted by law, and that there is no ground to reverse the judgment.

*Judgment affirmed.*